# IN THE COURT OF APPEALS OF IOWA

No. 18-1694
Filed August 7, 2019

IN RE THE MARRIAGE OF ELAINE MARIE LIENING
AND STEVEN RAY LIENING

Upon the Petition of
ELAINE MARIE LIENING,
    Petitioner-Appellee,

And Concerning
STEVEN RAY LIENING,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Steven Liening appeals the district court order denying his petition to modify the physical-care provisions of a dissolution-of-marriage decree. **AFFIRMED.**

Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des Moines, for appellant.

Anjela A. Shutts and Tyler L. Coe of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Cole Mayer of Kids First Law Center, Des Moines, attorney for minor children.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

Steven Liening appeals the district court order denying his petition to modify the physical-care provisions of a dissolution-of-marriage decree. Steven argues the district court erred in failing to find a substantial and material change in circumstance to justify the modification of the physical-care provisions of the dissolution decree. He contends Elaine Liening's hostility toward him, efforts to inhibit his parenting time, failure to support his relationship with the children, and unresolved mental-health issues provide sufficient evidence of a substantial and material change in circumstance and that he is the parent with the superior ability to care for the children. Both parties request appellate attorney fees.

## I.  Background Facts and Proceedings

Elaine and Steven were married in 2005. They are the parents of I.K.L., born in 2006, and G.J.L., born in 2008. Elaine is also the mother of a child, born in 2017, from another relationship. Elaine and Steven's marriage was dissolved in 2010 in Tennessee. The dissolution decree incorporated a stipulated parenting plan which granted the parties joint legal custody and granted Elaine physical care of the children because of Steven's active military service. The parenting plan allowed Steven visitation when on leave. Before the court filed the dissolution decree, Elaine and the children moved to Iowa. After Steven's discharge from the military, Steven remained in Tennessee, where he continued to reside at the time of trial.

In June 2013, Elaine registered the dissolution decree and parenting plan in Iowa. In December, Tennessee transferred jurisdiction of the case to Iowa. In December 2014, the court modified the visitation and transportation provisions of

the dissolution decree given the parties' geographical distance. In December 2016, Elaine was the victim of a domestic assault by her then paramour. One or both children witnessed the incident. Steven was not notified about the incident until February 2017, when law enforcement interviewed one of the children.

In May, Steven filed an application for rule to show cause alleging multiple counts of contempt against Elaine related to Elaine's interference with his visitation and refusal to consult about joint-legal-custody issues. After a contested hearing, the court found Elaine guilty of one count of contempt and in default on other allegations.[1] The court modified Steven's visitation to compensate him for lost time and ordered Elaine pay $1000 of Steven's attorney fees.

In March 2018, Steven petitioned to modify the dissolution decree's physical-care provisions, alleging Elaine's continued interference with his visitation and his relationship with the children amounted to substantial changes in circumstances which justify modification of the children's physical care. Steven requested physical care or, in the alternative, additional visitation. In April, Steven moved for an emergency transfer of physical care of the children because of Elaine's alleged suicidal thoughts, including thoughts of harming the children, which she shared with her therapist and an Iowa Department of Human Services (DHS) worker. Steven requested Elaine undergo a complete psychological evaluation. He claimed Elaine had a history of mental illness, suicide attempts,

---

[1] Steven makes references in his appellate brief to statements made by the court during the contempt hearing. However, no transcript of the contempt hearing appears in the record. Therefore, we are limited to the court's written ruling. The ruling notes that the court made findings on the record during the hearing but provides no details about those findings.

and involuntary committals. Elaine consented to the psychological evaluation, asserting she had nothing to hide. In May, the court found an evaluation Elaine underwent before the hearing lacked credibility and ordered her to undergo a full and independent psychological evaluation before the modification trial. The court granted Steven's request for emergency transfer of custody and ordered the transfer of the children's care to Elaine's parents to allow the children to finish the remainder of the school year. At the end of the school year, Steven took over the children's care.

In July, during a pretrial conference, the court found the testimony of Elaine and the DHS worker who conducted the initial investigation, along with a letter from the physician who conducted Elaine's psychological evaluation, alleviated its concerns about Elaine's mental health and any potential danger to herself and the children. Based upon these findings, the court dissolved the order awarding Steven emergency physical care and ordered the children returned to Elaine's care.

In August, after a contested hearing, the court determined Steven failed to meet his burden to show a material and substantial change in circumstance to justify the modification of the physical-care arrangement of the children. It further found that Steven failed to prove a superior ability to parent the children. Based upon these findings, it denied his request for modification. Steven appeals.

## II.    Standard of Review

We review petitions to modify the physical-care provisions of a dissolution decree de novo. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). While "we make our own findings of fact, we give weight to the district court's findings."

*Id.* Our controlling consideration is the best interests of the children. Iowa R. App. P. 6.904(3)(o); *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

### III.     Analysis

In order to modify the physical-care provisions of the dissolution decree, Steven, as the parent making the request, "must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests" require the modification. *Hoffman*, 867 N.W.2d at 32 (citation omitted).  Those "circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary." *Id.*  "[O]nce custody of children has been fixed it should be disturbed only for the most cogent reasons." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).  "The objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity," *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007), though "[d]etermining what custodial arrangement will best serve the long-range interest of a child frequently becomes a matter of choosing the least detrimental available alternative for safeguarding the child's growth and development." *In re Marriage of Winter*, 223 N.W.2d 165, 167 (Iowa 1974).

In determining the physical-care arrangement, the district court observed:

> In urging the change, [Steven] has focused on what he believes is [Elaine's] lack of stability, her inability to nurture the children, her poor choice in relationships and her failure to respect his position as a co-parent.  In doing so, [Steven] is primarily attempting to rehash the issues raised in his prior contempt action and his request for an emergency transfer of physical care, along

with a generalized dissatisfaction with the communication from [Elaine] when it comes to the children.

The claimed instability in [Elaine's] life was short-lived and the result of her efforts to extricate herself and the children from an incident of domestic abuse.

. . . .

It is clear that [the district court] ultimately concluded that the accusations made against [Elaine] by [Steven] were less than convincing when used to justify multiple citations of contempt and an interim transfer of physical care of the children, and this court is equally unpersuaded as to the vitality of those circumstances in analyzing a modification of the physical care arrangement. [Steven's] reliance on these episodic examples as proof of some long-standing change in circumstances justifying his requested relief is simply not borne out on this record. While some of [Elaine's] behavior has not been ideal, it is not indicative of the substantial change in circumstances required to modify physical care. Likewise, the purported failure of [Elaine] to properly involve [Steven] in decisions as a joint legal custodian has not been established to such an extent to mandate a change in care.

. . . .

Even if the events relied upon by [Steven] were viewed as a substantial change in circumstances, he has not established that he is in a position to provide superior care for the children. In this regard, the court is primarily persuaded by how well the children have done while under [Elaine's] care. By all accounts, they have thrived in terms of their education and their exposure to a multitude of activities. Everyone on both sides of this dispute testified that the children are intelligent, well-adjusted and affectionate. Whatever disruption brought about by the domestic incident and the temporary relocation . . . was tempered by [Elaine's] focus on maintaining continuity in the children's lives. To the contrary, [Steven] has offered nothing as to how he would be able to be a better parent if the children were transferred to his care, beyond the fact that [Elaine] would no longer be caring for them.

On our de novo review of the record, we agree that Steven failed to meet his burden to prove a material and substantial change of circumstances to warrant the modification of the children's physical care. Both parties agreed the children were excelling academically and engaged in multiple extracurricular activities. While Steven contends both children have behavioral issues which have worsened lately, he failed to provide sufficient evidence these alleged behavioral issues

resulted from Elaine or her actions. Any alleged behavioral changes could be attributed, at least in part, to the relationship between Elaine and Steven. Their relationship is contentious and both parties have acted in ways that put the animosity they have toward each other ahead of the children. Both parents have placed the children in the middle of their acrimony and their "animosity toward each other is not lost on the children." *See Harris*, 877 N.W.2d at 441. We also agree with the district court that even if Steven had proven a substantial change in circumstance, Steven has not provided sufficient evidence that he can provide superior care. For these reasons, we affirm the district court's denial of Steven's modification petition.

We remind and caution *both* parents that as joint legal custodians, they have "equal participation in decisions affecting the child[ren's] legal status, medical care, education, extracurricular activities, and religious instruction," but also have the "mutual responsibility to cooperate in the best interests of the children" and must "achieve more mature parental communication." *See id.* at 444. We also caution Elaine that "[f]ostering the long-term relationship with the parent who does not have physical care is an important role of the physical-care parent." *In re Marriage of Williams*, No. 16-1527, 2017 WL 2875392, at *3 (Iowa Ct. App. July 6, 2017). She is tasked with "effectively assur[ing] the child[ren] [have] the opportunity for maximum continuing physical and emotional contact" with Steven. *Id.*

Both parties request an award of appellate attorney fees. Awards of appellate attorney fees is "not a matter of right, but rather rest in this court's discretion." *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We

consider "the needs of the [parties], the ability of the other party to pay, and the relative merits of the appeal." *Id.* We decline to award appellate attorney fees. Costs on appeal are taxed one-half to each party.

**AFFIRMED.**